CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
FEB 09 2010
JOHN F. CORCORAN, CLERK
BY: S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **FEDERATED MUTUAL INSURANCE CO.** | ) | |
| Plaintiff, | ) | Civil Action No. 5:09cv00073 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **PACTIV CORP.** | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

This is a declaratory judgment action under 28 U.S.C. § 2201 by plaintiff, Federated Mutual Insurance Company (Federated), against defendant, Pactiv Corporation (Pactiv).[1] Federated policyholder, William Lucas, brought a personal injury action against Pactiv in this court for personal injuries that arose out of an accident at Pactiv's Winchester plant, which is located in this district. Federated seeks a declaratory judgment that it does not have a duty to defend or indemnify Pactiv in that action, which Pactiv and Lucas have now settled. Pactiv responds that Federated preemptively filed this action to "hijack Pactiv's status as the true plaintiff." Pactiv has moved to dismiss this action, or, in the alternative, to transfer it to the United States District Court for the Northern District of Illinois, where Pactiv filed its own declaratory and breach of contract action against Federated shortly after Federated commenced this action. The court finds no basis for dismissing or transferring the suit, and therefore, denies Pactiv's motion.

I.

William R. Lucas, who is a Virginia resident, is the owner of Blue Ridge Mechanical

---

[1] Federated is a Minnesota corporation with its principal place of business in Minnesota, and Pactiv is an Illinois corporation with its principal place of business in Illinois. There is more than $75,000 in controversy exclusive of interest and costs. Therefore, the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

(Blue Ridge), a sole proprietorship. Lucas entered into a service agreement with Pactiv for Blue Ridge to provide maintenance services at Pactiv's Winchester, Virginia facility. The contract also required Lucas (doing business as Blue Ridge) to obtain a Commercial General Liability Policy and an Umbrella Liability Policy (the policies) naming Pactiv as an additional insured. Federated issued Lucas the required policies in Virginia.

In November 2006, Lucas was injured while working at Pactiv's facility. He brought a personal injury action against Pactiv in this court in September 2008. According to Lucas' complaint, because of Pactiv's negligence, he was injured when bundles of insulation fell on him. Pactiv filed responsive pleadings in October 2008 with counsel of its own choosing. Six days later, Pactiv's Associate General Counsel, Eric Opsahl, sent a letter to Federated requesting that it defend Pactiv as an additional insured under the policies. In November 2008, Federated responded with a letter agreeing to undertake Pactiv's defense but subject to a complete reservation of rights. The letter assigned the defense to Attorney David Corrigan. Mr. Opsahl, responding by letter, rejected the assigned counsel and informed Federated that its reservation of rights created a conflict of interest. The parties then exchanged a volley of letters, emails, and telephone calls in which Federated reiterated that it was willing to provide Pactiv a defense subject to its reservation of rights and in which Pactiv repeatedly refused to accept the offered defense and asked Federated to reconsider its reservation of rights.

In September 2009, Federated sent Pactiv a final letter, denying that it had any coverage obligations and stating that it would not send a representative to the court-ordered mediation in the Lucas verses Pactiv action. Attached to the letter was a copy of Federated's complaint for declaratory judgment. In response, Pactiv filed its own action in the United States District Court

for the Northern District of Illinois, and in this court, Pactiv filed a motion to dismiss, or, in the alternative, to transfer venue.

## II.

Pactiv alleges that this court should exercise its discretion to dismiss or transfer this action. According to Pactiv, the balance of convenience and special circumstances – namely Federated's alleged procedural fencing and forum shopping – both preclude application of the first-to-file rule. The court finds that Pactiv has not made a case that it would be more convenient for this dispute to be heard elsewhere, nor has it demonstrated that Federated misled Pactiv so that Federated could be the first to file. Therefore, the first-to-file rule applies, and Federated's action has priority. Accordingly, the court denies Pactiv's motion to dismiss or transfer venue.

Under the Federal Declaratory Judgment Act, codified as 28 U.S.C. § 2201, federal courts may properly exercise jurisdiction over an action for declaratory judgment when three essential requirements are met: "(1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties . . . ; and (3) the court does not abuse its discretion in its exercise of jurisdiction." Volvo Constr. Equip. N. Am. Inc., v. CLM Equip. Co., Inc., 386 F.3d 581, 592 (4th Cir. 2004) (internal citations omitted). Pactiv concedes there is an actual controversy of sufficient immediacy and that there is an independent basis for jurisdiction based on diversity of citizenship but claims that the court should exercise its discretion in favor of Pactiv's choice of venue.

A.

According to Pactiv, this court should exercise its discretion to dismiss or transfer this action because the balance of convenience weighs in favor of its action such that Federated cannot benefit from the first-to-file rule. Pactiv alleges that dismissing Federated's action would promote the interests of judicial economy and efficiency, and that this district's only connection to this action is that it is where Lucas filed his personal injury action against Pactiv. According to Pactiv, since neither party nor their likely witnesses are residents of Virginia, it would be more convenient for the parties and the witnesses if the dispute proceeded in Illinois. The court finds that Pactiv has not made a case that the balance of convenience weighs in favor of Pactiv's later filed action in Illinois. Therefore, the first-to-file rule applies, and Federated's action is entitled to priority. Accordingly, the court denies Pactiv's motion to dismiss or transfer venue on that ground.

Under the first-to-file rule, when two federal actions relating to the same subject matter are pending, ordinarily "the first suit should have priority, absent the showing of [a] balance of convenience in favor of the second action." Volvo, 386 F.3d at 594-95 (citing Elliott Mach. Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 n.2 (4th Cir. 1974)) (citing Remington Prods. Corp. v. Am. Aerovap, Inc., 192 F.2d 872, 873 (2d Cir. 1951)). The Fourth Circuit has often cited Second Circuit precedent when applying the balance of convenience analysis. See Ellicott, 502 F.2d at 180 n. 2; Volvo, 386 F.3d at 595. According to the Second Circuit, the factors pertinent to the balance of convenience analysis are "essentially the same as those

4

considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)."[2]

Employers Ins. of Wausau v. Fox Entm't. Group, Inc., 522 F.3d 271, 275 (2d Cir. 2008). These factors include:

> (1) the plaintiff's choice of forum;
> (2) the relative ease of access to sources of proof;
> (3) the availability of compulsory process for attendance of unwilling witnesses;
> (4) the cost of obtaining attendance of willing witnesses;
> (5) the possibility of viewing premises, if applicable;
> (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and
> (7) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected.

In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)). The Fourth Circuit also considers the applicable law and the place of injury pertinent to the inquiry. See S. Ry. Co. v. Madden, 235 F.2d 198, 200-01 (4th Cir. 1956).

Here, as far as the balance of convenience is concerned, the court sees little support for Pactiv's claim that Illinois is a more convenient or appropriate forum. Lucas contracted with Pactiv to provide services to Pactiv at its Winchester, Virginia facility; Federated issued the policy to Lucas in Virginia; Lucas was injured at Pactiv's Virginia facility; Lucas sued Pactiv in this court; because Federated issued the policies to Lucas in Virginia, Virginia law will likely

---

[2] 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). A court's decision whether to transfer is committed to its discretion. See In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984). Section 1404(a) applies "where jurisdiction and venue in the current forum are proper . . . but where a party claims that another venue would be more convenient." Terry v. Walker, 369 F. Supp. 2d 818, 821 (W.D. Va. 2005). The court notes that § 1404(a) applies here since Pactiv maintains that, although venue in this forum is not improper, venue in Illinois would be more convenient.

govern the interpretation of those policies; and the dispute essentially involves the interpretation of the two policies, which is unlikely to require witnesses to travel from either of the parties' corporate nerve centers. On the other side of the convenience scale, Pactiv can point to but one fact: its principle place of business and corporate nerve center is in Illinois. But given that this dispute is chiefly a dispute concerning the interpretation of an insurance contract, that fact seems inconsequential. In short, this is not a case in which a plaintiff has selected an inconvenient forum with virtually no relationship to the litigation. Indeed, the reality seems to be quite to the contrary. Because Pactiv has not demonstrated that the balance of convenience weighs in favor of its later filed action, the court perceives no practical reason of convenience to dismiss or transfer this suit.

**B.**

Pactiv also alleges that the court should exercise its discretion to dismiss or transfer this action because special circumstances preclude application of the first-to-file rule. According to Pactiv, Federated preemptively filed this action to "hijack Pactiv's status as the true plaintiff." The court finds that the first-to-file rule applies, and that Federated's action is entitled to priority.

Although "[t]he Fourth Circuit has not stated explicitly that special circumstances may warrant an exception" to the first-to-file rule, Learning Network v. Discovery Commc'ns., Inc., 11 Fed. Appx. 297, 301 (4th Cir. 2001), it has implicitly recognized a special circumstances exception in cases involving procedural fencing or forum shopping. See Learning, 11 Fed. Appx. at 301 ("[T]here may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgment action has become so certain or imminent," that it is "merely an improper act of forum shopping, or a race to the courthouse.") (citing Aetna Cas. &

Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937) (stating that courts should decline jurisdiction over declaratory judgment actions filed "for the purpose of anticipating the trial of an issue in a court of coordinate jurisdiction")); see also Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 557 (S.D.N.Y. 2000) ("An improper anticipatory filing is one made under the apparent threat of a presumed adversary filing the mirror image of that suit in another court.") (citations omitted). Therefore, procedural fencing is a factor that might weigh against exercising jurisdiction over a declaratory judgment action. See Myles Lumber Co. v. CAN Fin. Corp., 233 F.3d 821, 824 (4th Cir. 2000); Centennial Life Ins. v. Poston, 88 F.3d 255, 257 (4th Cir. 1996). However, "there can be no race to the courthouse when only one party is running." Learning, 11 Fed. Appx. at 301.

Here, this dispute has an obvious connection to this forum, and Pactiv has not made a case that Federated engaged in subterfuge in order to win a race to the courthouse so as to cut off Pactiv's imminent action. Indeed, Federated continued to reiterate its position that it would provide a defense under its reservation of rights, and Pactiv continued to insist that Federated reconsider its position.[3] Federated had made it plain that the parties were at impasse on the question of coverage, the trial date of the personal injury suit was fast approaching, and this court had directed Federated to participate in the mediation of that suit. Under the circumstances, there

---

[3] Federated's letters to Pactiv bear this out. In a letter dated December 17, 2008, Federated states "we have reviewed our policy once again and our position in this matter has not changed." Then again in March 2009 Federated informed Pactiv: "we have reviewed the information that we have at this time and have found nothing new that would change our position as to available coverage for Pactiv Corporation." And on September 24, 2009, Federated sent its final letter to Pactiv regarding its alleged coverage obligations. In that letter, Federated states that it "respectfully disagrees with [Pactiv's position] concerning the duty to defend and/or indemnify . . . ."

was no reason why Federated should not seek a definitive answer to the unresolved coverage question in this logically, appropriate forum. Accordingly, the court denies Pactiv's motion to dismiss or transfer venue on the ground that Federated engaged in improper procedural fencing or forum shopping.

## III.

For the reasons stated, the court denies Pactiv's motion to dismiss or transfer venue.

**ENTER:** This 9th day of February 2010.

_____
UNITED STATES DISTRICT JUDGE